**Chai YANG**

v.

**STATE.**

**No. 97–55–Appeal.**

Supreme Court of Rhode Island.

Dec. 9, 1997.

755

Andrea J. Mendes, Aaron L. Weisman, Providence, for Plaintiff.

Stephen P. Nugent, Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on November 4, 1997, pursuant to an order that directed the parties to show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Chai Yang, has appealed the entry of a summary judgment in favor of the defendant, the State of Rhode Island (State).

The plaintiff was sentenced to a term of thirty years, fifteen years to serve, fifteen years suspended, on charges of assault with intent to commit murder in the shooting of three Providence police officers, with a period of probation to commence upon his release. The issue in this case is whether the State Parole Board acted illegally when it rescinded a parole permit after having initially voted to release plaintiff. Following the parole board's vote to rescind parole, plaintiff filed an application for postconviction relief in the Superior Court. In response to both parties' motions for summary judgment, the trial justice granted the state's motion and denied that of plaintiff, who then appealed to this Court.

The three victims of plaintiff's shootings had not been afforded their statutory right to address the parole board because of an administrative error by the police, who failed to notify the victims. When this omission became known, the parole board permitted the officers to testify concerning the impact of the shootings on their lives, in accordance with G.L.1956 § 12–28–6(a).

After hearing from plaintiff and his counsel, the members of the subcommittee of the parole board, who had earlier voted on the parole, rescinded the vote granting parole.

The chairperson of the parole board explained the denial of parole by a statement of reasons sufficient for judicial review. In enumerating the bases of the board's action, the chairperson explained:

"11. With respect to the Petitioner's contention that the Parole Board voided his parole, it should be noted that a parole determination does not become final until the Parole Board has signed the inmate's permit pursuant to R.I.G.L. § 13–8–[21].

"12. Until the time the Parole Board signs the inmate's permit, the Parole Board has the authority to consider additional information, and reconsider an earlier vote granting parole.

"13. At the time the Parole Board heard from the officers at the victims of crime hearing, the Parole Board had not signed Chai Yang's permit and he had not been released from the ACI.

"14. The Parole Board did not rescind its vote granting parole based upon the failure

to hear from the victims of this crime. Rather, the decision was made to rescind the vote granting parole based upon the impact of this crime upon their lives.

"15. The Parole Board had the authority to take the action of rescinding the vote granting parole because Chai Yang had not been issued a permit to be released from the ACI."

In addition, the trial justice's analysis carefully delineated the broad discretion of the parole board in carrying out its duties, the fact that no permit for parole had been issued prior to the rescission vote, and the fact that the subcommittee that rescinded the parole was the same one that had initially voted for the parole.

Most significantly, the parole board had not yet given its *final* approval for parole. Pursuant to G.L.1956 § 13–8–21, all permits and orders of the parole board issued under chapter 8 of title 13 must be signed by the chairperson and one other member of the parole board and must be affixed with the seal of the board. Only at the point when the permit has been signed, sealed, and issued is the permit for parole given full recognition. It is undisputed that in this case the permit had not been signed or issued. We conclude, therefore, that the parole board acted properly in rescinding its vote on the plaintiff's parole.

Consequently, the plaintiff's appeal is denied and dismissed and the Superior Court's entry of summary judgment for the state is affirmed. The papers of the case are remanded to the Superior Court.